OPINION
VAIDIK, Judge
Peter C. Americanos appeals the trial court’s dismissal of his complaint for failure to state a claim. Americanos contends that the State Personnel Act[1] (Personnel Act or Act) provides a private cause of action. Specifically, he contends that the legislature intended to protect an individual’s interest in employment and therefore, provided a private cause of action. Because we conclude that the legislature did not intend to provide a private cause of action under the Personnel Act, we affirm.
Facts and Procedural History
Americanos was employed by the Office of the Attorney General of Indiana as a deputy attorney general from 1973 to March 1993. Following his tenure with the Attorney General’s office, Americanos applied for a number of positions as an attorney for various state agencies. Americanos was not hired by any of the agencies to which he applied.
Americanos filed a complaint alleging that the State violated the Personnel Act. In particular, Americanos alleged that the State failed to properly test and rank applicants for the positions for which he applied. As a result, he contends, less qualified applicants were hired for the positions. The State filed a motion to dismiss for failure to state a claim, alleging that the Personnel Act does not provide a private cause of action. On July 21, 1999, the trial court granted the motion to dismiss. This appeal now ensues.
Discussion and Decision

Standard of Review

Our standard of review of a dismissal granted pursuant to Trial Rule 12(B)(6) is well-settled:
A trial rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Therefore, we view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference therefrom in favor of that party. When reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law.
Borgman v. Aikens, 681 N.E.2d 213, 216-17 (Ind.Ct.App.1997), trans. denied. When reviewing a motion to dismiss for failure to state a claim, “this court accepts as true the facts alleged in the complaint.” Minks v. Pina, 709 N.E.2d 379, 381 (Ind.Ct.App.1999), reh’g denied, trans. denied. “We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts, which, even if true, would not support the relief requested in that complaint.” Id. Furthermore, we will affirm the trial court’s ruling if it is sustainable on any basis found in the record. Id.

Private Canse of Action

Americanos contends that the State Personnel Act provides a private cause of action in addition to the criminal penalty expressly provided in the Act. Americanos *897 relies on our court’s statement in Kestler v. Kern, where the court noted: “The almost unbroken current of authority sanctions the right in an individual, who has been specially damaged by an act which is in violation of a criminal statute, to maintain an action for his damages, notwithstanding the same act may subject the wrongdoer to a penalty in a public prosecution.” 2 Ind. App. 488, 492, 28 N.E. 726 (1891). In reliance on Kestler, Americanos argues that he has suffered a distinct injury from the general public in that the State violated the Personnel Act when he was denied employment despite the fact that he was more qualified than the applicant who was hired. Americanos further asserts that the legislature intended to protect the individual employee’s right to employment in addition to promote government efficiency and thus, intended to provide a private cause of action. Appellant’s Br. at 7.
We agree with Americanos and Kestler that a civil cause of action is not precluded merely because a statute provides only for criminal sanctions. As this court held in Bartholomew County Beverage Co. v. Barco Beverage Corp., however, “the determination of whether a civil cause of action exists for the violation of a criminal statute begins with an examination of legislative intent.” 524 N.E.2d 353, 356 (Ind.Ct.App.1988). As the court noted in Barco:
“It has been stated that, as a general rule, where an act is enjoined or forbidden by a penal statute, a person who sustains a special injury by a breach of the duty so imposed may, notwithstanding defendant may be subjected to a fine or penalty, maintain an action for such injury; but this is not always necessarily so. The true rule is that the question depends upon the intention of the legislature as construed from the provisions of the particular statute; and if it appears that the duty imposed is merely for the benefit of the public, and the fine or penalty a means of enforcing the duty and punishing á breach thereof, the fine or penalty is exclusive, and a private action cannot be maintained for injury sustained by reason of the breach. If, on the other hand, it appears that the duty imposed is also for the benefit of particular individuals or classes of individuals, a private right of action arises for injury sustained by reason of the breach, by any person the statute was designed to protect, provided the injury sustained by him is a special injury different from that inflicted on the general public, and has resulted proximately from and because of the violation.”
Id. at 356 (quoting 1 C.J.S. Actions § 12). Thus, the fact that an individual suffers a distinct injury unique from the general public is not determinative. Rather, it is legislative intent, as construed from the provisions of the statute, which determines whether a private cause of action is available.
The legislative purpose of the State Personnel Act is set forth in the first section:
This [Act] shall be liberally construed to effectuate its policies and purposes to increase governmental efficiency, to ensure the appointment of qualified persons to the state service solely on the basis of proved merit,' to offer any person a fair and equal opportunity to enter the state service, and to afford the employees in' state service an opportunity for public service and individual advancement according to fair standards of accomplishment based upon merit principles.
Ind.Code § 4-15-2-1. An examination of •the Act reveals provisions establishing certain practices for hiring personnel, including procedures for accepting applications, evaluating applicants, and filling vacancies. The Act also provides guidelines relating to compensation, transfers, promotion, and discipline. The sole remedy provided by the Act is a criminal penalty.
Based on these provisions, we conclude the legislature did not intend to confer a private- right of action for a violation of the State Personnel Act. The Act provides a merit-based system of employment. All the provisions of the act highlight the importance of a fair, merit-based system that provides equal opportunity to all ap *898 plicants. Americanos’ asserted harm is based on the State’s failure to follow the standards set out in the Personnel Act. Such an injury is not distinct from the harm to the public at large. The interest intended to be protected by the statute is the achievement of governmental efficiency through the employment of qualified people thereby providing proficient service to the general public.
Americanos contends, however, that the language “to offer any person a fair and equal opportunity to enter the state service” emphasizes the legislature’s intent to protect employees rather than to promote government efficiency and therefore creates a private cause of action. We disagree.
First, when the legislative purpose is general in nature, the mere fact that statutory language refers to a class of people does not create a private cause of action. See City of Muncie v. Peters, 709 N.E.2d 50, 57 (Ind.Ct.App.1999), reh’g denied, trans. denied. Our court has declined to find a private cause of action in similar circumstances. For example, in Borne v. N.W. Allen County School Corp., 532 N.E.2d 1196 (Ind.Ct.App.1989), trans. denied, the court determined whether a statute that imposed a criminal penalty for the knowing failure to report suspected child abuse provided a private cause of action for a breach of that duty. The statutory language required the reporting of suspected child abuse or neglect, inter alia, “to provide protection for such a child from further abuse or neglect and to provide rehabilitative services for such a child and his parent, guardian or custodian.” Id. at 1203. Pursuant to the statute, parents of an abused child filed a complaint against a school principal for failing to report abuse by the child’s classmates. The court held that the statute did not create a private cause of action. Rather, the statute was designed to encourage effective reporting of child abuse and establish child protection services. The court found no intent to impose civil liability for a failure to report.
Likewise here, the main focus of the Personnel Act is to promote governmental efficiency by hiring qualified employees through a merit-based system. When the provisions of the Act are considered as a whole, there is no apparent intent to authorize a civil action for failure to follow the procedures contemplated by the Act.
Second, as the State indicated in its brief, there are other statutory provisions which offer remedies for individuals who have suffered unlawful discrimination. See, e.g., Indiana Civil Rights Act, Ind. Code § 22-9-1-1 et seq. If Americanos believes he was treated differently than the other applicants, such a claim would be more appropriately brought under legislation designed to protect against discrimination such as Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, or the Indiana Civil Rights Act.
Finally, the statute, by making a violation of the Act a class A misdemeanor, provides a criminal penalty and impliedly reveals the legislature’s intent not to provide a civil remedy. Ind.Code § 4-15-2-42. Although the absence of a provision expressly providing a private cause of action does not necessarily preclude one, it does indicate that the legislature did not intend to expand the remedy of the Personnel Act beyond the criminal penalty. See Coons by Coons v. Kaiser, 567 N.E.2d 851, 852 (Ind.Ct.App.1991) (quoting National R.R. Passenger Corp. v. National Ass’n of R.R. Passengers, 414 U.S. 453, 459, 94 S.Ct. 690, 693-94, 38 L.Ed.2d 646 (1974)) (noting that “when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies”). Because the State Personnel Act may not be enforced through a private cause of action, the trial court properly dismissed Americanos’ complaint for failure to state a claim. Given this conclusion, we need not address the State’s claims of immunity and res judicata.
Judgment affirmed.
DARDEN, J., and FRIEDLANDER, J„ concur.

. Ind.Code § 4-15-2-1 et seq.