ATTORNEY FOR APPELLANT
Matthew J. McGovern
Evansville, Indiana

ATTORNEYS FOR APPELLEES
David L. Jones
Robert W. Rock
Evansville, Indiana

ATTORNEYS FOR AMICI CURIAE
INDIANA ASSOCIATION OF CITIES & TOWNS,
AND INDIANA MUNICIPAL LAWYERS ASSOCIATION
Timothy A. Manges
James P. Fenton
Patrick L. Proctor
Fort Wayne, Indiana



FILED
Jun 21 2011, 10:53 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 82S01-1102-CV-77

SHAWN DAVIS B/N/F MISTY DAVIS,

*Appellant (Plaintiff below)*,

v.

ANIMAL CONTROL – CITY OF EVANSVILLE,
EVANSVILLE HOUSING AUTHORITY, AND
CITY OF EVANSVILLE,

*Appellees (Defendants below)*.

Appeal from the Vanderburgh Circuit Court, No. 82C01-0702-CT-75
The Honorable Carl A. Heldt, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 82A01-0911-CV-527

**June 21, 2011**

**Sullivan, Justice.**

Six-year-old Shawn Davis seeks to impose liability on the City of Evansville and its Animal Control department for injuries sustained when he was attacked in his neighborhood by a Rottweiler. We conclude that Davis's claim is that the City failed to enforce its Animal Control Ordinance. Because the Indiana Tort Claims Act provides immunity to governmental entities for any loss resulting from the failure to enforce a law, Davis cannot recover from the City in these circumstances.

## Background

On February 18, 2005, a 60-pound Rottweiler named Romeo attacked six-year-old Shawn Davis. Davis had been playing outside with Jessica Bays and her small dog. Davis had pursued Bays's small dog down the sidewalk when Romeo, who was unleashed, ran out of the house on the corner of the street and attacked Davis. Bays kicked Romeo away from the boy, and Romeo ran back to the corner house from which it had come. Davis sustained serious injuries to his arm and back as a result of the attack.

Bays recognized Romeo as a dog she had seen dropped off and picked up from the corner house repeatedly for several weeks. In her deposition, Bays testified that she had called the City of Evansville's Animal Control department ("Animal Control") several times within the week prior to the attack to report that "there was a very vicious dog running the neighborhood." Appellant's App. 240. She reported that although she was not sure who the dog belonged to, she knew "the people that live[d] at the corner house of Harlan and Sycamore [were] supposed to be taking care of it, and it [did not] seem like anyone [was] home." Id. She saw an Animal Control vehicle drive through the neighborhood once after she first called to report the dog.

In addition, Animal Control had received a report of a Rottweiler named Romeo biting a child approximately six months prior to the attack on Davis. The dog involved was held for a

2

time after the biting incident and eventually released to its owner. That dog's owner and address were different than the owner and address involved in the present case; it cannot be determined conclusively from the record whether the same dog was involved in both attacks.[1]

In February, 2007, Davis's mother, as his next friend, filed a complaint against Animal Control and the City of Evansville (referred to collectively as the "City Defendants").[2] The complaint alleged that Animal Control "was well aware of this dog's violent propensities based upon numerous prior attacks by this dog" and that the City Defendants had failed to protect Davis from the attack. Appellant's App. 14. The trial court granted the City Defendants' motion for summary judgment following a hearing. Specifically, the trial court found that the City Defendants were entitled to "law enforcement immunity" under the Indiana Tort Claims Act.

A divided panel of the Court of Appeals reversed. In an unpublished memorandum decision, the Court of Appeals held that the City Defendants were not entitled to either statutory law enforcement immunity or common law immunity. Davis v. Animal Control – City of Evansville, No. 82A01-0911-CV-527, 2010 Ind. App. Unpub. LEXIS 1197, 2010 WL 3377720, at *6 (Ind. Ct. App. Aug. 27, 2010). Judge Kirsch dissented.

The City Defendants sought, and we granted, transfer, Davis v. Animal Control – City of Evansville, — N.E.2d — (Ind. 2011) (table), thereby vacating the opinion of the Court of Appeals, Ind. Appellate Rule 58(A).

---

[1] Nevertheless, the Court of Appeals inferred in Davis's favor that the dog involved in the earlier biting incident was the same dog that had attacked Davis and that Animal Control had notice of this dog and its history. Davis v. Animal Control – City of Evansville, No. 82A01-0911-CV-527, 2010 Ind. App. Unpub. LEXIS 1197, 2010 WL 3377720, at *4 (Ind. Ct. App. Aug. 27, 2010).

[2] The complaint also named the Evansville Housing Authority as a defendant. However, the Evansville Housing Authority has proceeded separately from the City Defendants and is not part of the proceedings giving rise to this appeal. See Davis, 2010 WL 3377720, at *2 n.3.

**Discussion**

The dispositive issue in this case is whether the City Defendants are immune under the Indiana Tort Claims Act ("ITCA") because they qualify for law enforcement immunity. That provision of the ITCA provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
>
> . . .
>
> (8) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

Ind. Code § 34-13-3-3(8) (2008).

Davis argues that law enforcement immunity does not apply because his complaint is not based on the City Defendants' failure to <u>enforce</u> the law but rather on their failure to <u>follow</u> their own procedures for determining whether an animal is dangerous as set forth in the Evansville Animal Control Ordinance ("Ordinance"). The Court of Appeals majority agreed.

In holding that the City Defendants were not immune under the law enforcement provision of the ITCA, the Court of Appeals relied on our decision in <u>Mullin v. Municipal City of South Bend</u>, 639 N.E.2d 278 (Ind. 1994), <u>limited</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Benton v. City of Oakland City</u>, 721 N.E.2d 224, 231 (Ind. 1999). In that case, we considered whether the failure of an emergency dispatcher to send an ambulance to a house fire despite a department policy stating that medics would be dispatched to all fire calls where someone was thought to be inside fell within the parameters of law enforcement immunity. <u>Mullin</u>, 639 N.E.2d at 280-83. We concluded that "the scope of 'enforcement' is limited to those activities in which a governmental entity or its employees compel or attempt to compel the obedience of another to laws, rules or regulations, or sanction or attempt to sanction a violation thereof." <u>Id.</u> at 283. Because the dispatcher in <u>Mullin</u> was not doing any of those things, the claim was not barred by the law enforcement provision. <u>Id.</u>

4

The Court of Appeals reasoned that just as the dispatcher in <u>Mullin</u> had failed to follow the city's ambulance dispatch procedures, the City Defendants here had failed to follow the city's rules in declaring Romeo dangerous, and "unless and until a dog is declared dangerous, there is nothing to enforce against another." <u>Davis</u>, 2010 WL 3377720, at *4. Thus, the Court of Appeals concluded that "[t]he City Defendants' failure to follow its own rules [did] not fall within the definition of 'enforcement' for purposes of statutory immunity." <u>Id.</u>

This was not the correct way to apply <u>Mullin</u>. <u>Mullin</u> did not hold that there was no law enforcement immunity because city employees did not follow procedures; it held that there was no law enforcement immunity because in responding to a fire emergency, the city was not engaged in law enforcement. In <u>Mullin</u>, the city had tried to argue that law enforcement immunity extended to its employees' failure to follow its ambulance dispatch procedures. 639 N.E.2d at 282. To the contrary, we said that what was required to establish immunity was that the activity be one in which government either compels obedience to laws, rules, or regulations or sanctions or attempts to sanction violations thereof.

Like <u>Mullin</u>, the critical determination is not whether a governmental entity failed to follow procedures; it is whether a governmental entity or employee failed to enforce a law. In <u>Mullin</u>, we held that responding to a fire emergency is not an activity involving government compulsion to obey laws, rules, or regulations or sanctions or attempts to sanction violations thereof. But in this case, we believe it is clear that the plaintiff's claim does constitute an allegation that the City Defendants failed to enforce the law. In granting summary judgment for the City Defendants, Judge Carl A. Heldt said the following about Davis's claim that he was entitled to recover because of the City Defendants' failure to follow procedures:

> [A]ll of the regulations and procedural steps contained in the subject ordinance were designed to enforce [Evansville, Ind., Animal Control Ordinance] § 9.90.30 (G) [(2006)] which states that "no person shall own, keep, or harbor a dangerous animal within the city; except for dangerous animals in compliance with the orders of the Commission as provided above."

5

Appellant's App. at 339-40. In his dissent in the Court of Appeals, Judge Kirsch makes much the same point:

> Th[e] procedures [that Davis complains were not complied with] are the enforcement provisions of the [O]rdinance. They provide the procedures for determining if an animal is dangerous and for seizing such an animal. Had the City followed such procedures, it would have been enforcing a law, and its failure to follow such procedures is a failure to enforce a law, a failure that is immune under the Indiana Tort Claims Act.

Davis, 2010 WL 3377720, at *6 (Kirsch, J., dissenting).

We agree. The Ordinance contains an explicit prohibition: "No person shall own, keep, or harbor a dangerous animal within the city; except for dangerous animals in compliance with the orders of the Commission . . . ." Evansville, Ind., Animal Control Ordinance § 9.90.30(G) (emphasis in original deleted). The Ordinance provides that either a citizen or an Animal Control official can commence a proceeding to have an animal declared dangerous, id. § 9.90.30(C), or an Animal Control official can declare an animal dangerous without such a proceeding, id. § 9.90.30(F); that certain precautionary measures may be imposed if an animal is declared dangerous, id. § 9.90.30(E); that a fine that may be imposed for failure to comply with such precautionary measures, id. § 9.90.30(E)(12); and that the animal may be destroyed if none of such precautions would be sufficient, id. § 9.90.30(D). In our view, each of these procedures constitutes an "activit[y] in which a governmental entity or its employees compel or attempt to compel the obedience of another to laws, rules or regulations." Mullin, 639 N.E.2d at 283. As such, the alleged failure of the City Defendants to follow these procedures constitutes at worst a "failure to . . . enforce a law" for which the City Defendants are immune from liability under Indiana Code section 34-13-3-3(8).

Because the City Defendants are immune under the ITCA, we need not and do not express any opinion as to the availability of any common law immunity.

6

## Conclusion

The City Defendants are entitled to law enforcement immunity. We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.