# FOR PUBLICATION



**FILED**

Aug 30 2012, 9:21 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM J. SEDIA**
Rubino, Ruman, Crosmer, Smith,
Sersic & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEE
EVANSVILLE POLICE DEPARTMENT:

**DAVID L. JONES**
**ROBERT W. ROCK**
Evansville, Indiana

ATTORNEYS FOR APPELLEE
DEPARTMENT OF CHILD SERVICES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| F.D., G.D., and T.D. b/n/f J.D. and M.D.; J.D. and M.D., Individually, | ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 82A01-1109-CT-432 |
| INDIANA DEPARTMENT OF FAMILY SERVICES, VANDERBURGH COUNTY OFFICE OF FAMILY AND SOCIAL SERVICES, EVANSVILLE POLICE DEPARTMENT and VANDERBURGH COUNTY PROSECUTOR'S OFFICE, | ) ) ) ) ) ) ) ) | |
| Appellees-Defendants. | ) ) | |

August 30, 2012

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

M.D. (Mother) and J.D. (collectively, "the parents") appeal the trial court's decision to grant summary judgment in favor of the Department of Child Services (Child Services)[1] and the Evansville Police Department (the Police Department) for Child Services' and the Police Department's failure to inform them of their daughter's molestation. The trial court based its decision on the grounds of immunity under both the Indiana Tort Claims Act and Indiana Code section 31-33-6-1, one of Indiana's child abuse reporting statutes. However, we find that the Police Department is not a proper party to this case. We also hold that Indiana Code section 31-33-18-4, the statute the parents say gives rise to Child Services' duty to notify them of their daughter's molestation, does not confer a private right of action. We therefore affirm the trial court.

## Facts and Procedural History

On June 17, 2007, four-year-old T.D. (Son) informed the parents that L.C. (Juvenile), his twelve-year-old cousin, had touched his penis. Mother reported the abuse to Child Services, and Child Services compiled a preliminary report of alleged child

---

[1] The parents initially brought suit against the Indiana Department of Family Services and the Vanderburgh County Office of Family and Social Services. Both parties were later substituted by the Indiana Department of Child Services by amendment, but the caption never reflected this change.

2

abuse or neglect. Melissa Cage was the caseworker assigned to the file. Cage initiated an investigation and conducted an interview with Son. She also conducted interviews with G.D. and F.D. (Daughter), Son's two-year-old twin sisters. Neither sister indicated during their interviews with Cage that they had been touched inappropriately.

Child Services referred the matter to the Police Department for investigation, and Detective Jeffrey Minto interviewed Juvenile. During this interview, Juvenile admitted touching Son, along with three other cousins, M.H., B.H., and Daughter. Detective Minto informed Child Services of Juvenile's admission. Cage told Detective Minto that she would contact the newly named victims and let him know if one of those victims indicated being molested by Juvenile. Detective Minto took no further action with respect to the other victims.

On July 11, 2007, the Police Department referred Juvenile's case to the Vanderburgh County Juvenile Court in an action entitled *In re L.C.* with the cause number 82D01-0707-JV-751. On July 26, 2007, Juvenile Probation Officer Bernie Faraone conducted an interview with Juvenile who was accompanied by his mother. Mother – Juvenile's aunt and mother of Son and Daughter – showed up later to the interview and was only present for the portion of the proceedings in which she was asked to give her thoughts on the proper disposition of Juvenile's case. Mother was not informed that Juvenile had admitted molesting Daughter.

On August 2, 2007, Child Services interviewed two of Juvenile's other alleged victims, M.H. and B.H. Cage informed M.H. and B.H.'s mother about the alleged contact with Juvenile.

3

On August 27, 2007, Juvenile was adjudicated a delinquent and placed on probation for nine months. Neither Child Services nor the Vanderburgh County Prosecutor's Office (the Prosecutor's Office) informed Mother about the adjudication. Mother did not become aware that Juvenile had admitted molesting Daughter until nearly a year later on July 31, 2008. A week later, Cage confirmed to Mother that Juvenile had in fact admitted molesting Daughter.

Mother asked the Police Department for the documents regarding the case. She was informed that the records were with the Prosecutor's Office and the case had been disposed. The parents filed suit against Child Services, the Police Department, and the Prosecutor's Office for failing to notify them of the alleged molestation of Daughter. The trial court granted summary judgment in favor of all three governmental entities, finding that Child Services and the Police Department were immune under the Indiana Tort Claims Act (ITCA) and Indiana Code section 31-33-6-1 and the parents failed to designate any genuine issue of material fact in their claims against the Prosecutor's Office.

The parents now appeal the trial court's decision as to Child Services and the Police Department only.

**Discussion and Decision**

The parents contend that the trial court erred in granting summary judgment in favor of Child Services and the Police Department, finding that they were immune for their actions under both the ITCA, specifically Indiana Code sections 34-13-3-3(6)-(8), and Indiana's child abuse reporting statute, Indiana Code section 31-33-6-1. The parents

4

also contend that the underlying facts of this case present genuine issues of material fact. Although the trial court did not discuss the underlying negligence claim because it found immunity, the parents argue we should reverse summary judgment on this ground. However, we find that the Police Department is not a proper party to this suit and Indiana Code Section 31-33-18-4, the child abuse notice statute that the parents say gives rise to Child Services' duty to notify them of Daughter's molestation, does not provide a private right of action.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

### I. Police Department Not a Proper Party

The Police Department argues that it is not a proper party to this litigation because it is "merely a vehicle through which the city government of Evansville fulfills its policy functions and public safety functions." Appellee Police Department's Br. p. 9. The parents do not dispute the merits of this argument, instead arguing that the trial court

> Made no findings or conclusions that [the Police Department] was an improper party to the suit, and instead operated under the presumption that the party to the suit was "the city of Evansville, acting by and through the [Police Department]." It could not have reached its determination of immunity otherwise. Rather than cross-appealing the [trial court] on this

5

issue, [the Police Department] asserts waiver where there is no error to be waived. Accordingly, the issue is not properly before the Court.

Appellant's Br. p. 4 (citations to appendix omitted).

However, "[w]e may affirm the trial court's grant of summary judgment upon any basis supported by the record." *Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 895 (Ind. Ct. App. 2010). It is undisputed that the Police Department "'is merely a vehicle through which the city government fulfills its policy functions and is not a proper party defendant.'" *Slay v. Marion Cnty. Sheriff's Dept.*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992) (quoting *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988)), *trans. denied*. Since a non-existent legal entity "cannot be sued or brought into court by summons or otherwise," *Rich v. Fidelity Trust Co. of Indianapolis*, 137 Ind. App. 619, 632, 207 N.E.2d 850, 858 (1965), we affirm the trial court's grant of summary judgment in favor of the Police Department on this ground.

## II. Private Right of Action

The parties do not make arguments about the existence of a private right of action in this case. However, because the issue is supported by the record, it is appropriate for our review since "[w]e may affirm the trial court's grant of summary judgment upon any basis supported by the record." *Boushehry*, 931 N.E.2d at 895. The parents claim that Child Services was negligent because it failed to comply with Indiana Code section 31-33-18-4 by not notifying them of their daughter's molestation.

Indiana Code section 31-33-18-4 states in relevant part:

(a) Whenever a child abuse or neglect assessment is conducted under this article, the department[2] shall give verbal and written notice to each parent, guardian or custodian that:
> (1) the reports and information described under section 1 of this chapter relating to the child abuse or neglect assessment; and
> (2) if the child abuse or neglect allegations are pursued in juvenile court, the juvenile court's records described under IC 31-39;
are available upon the request of the parent, guardian, or custodian except as prohibited by federal law.

But Child Services can be liable for failure to comply with this statute only if the statute confers a private right of action on the parents. Accordingly, "the question to be determined is whether the statute confers a private right of action." *C.T. v. Gammon*, 928 N.E.2d 847, 852 (Ind. Ct. App. 2010). A private right of action can be explicit, "providing that persons with appropriate standing are entitled to go to court and ask for enforcement of a statute's provisions," or the court can find that the legislature intended that a private right of action is implied. *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 509 (Ind. 2005).

Since there is no explicit private right of action in this statute, we must discern whether the legislature intended that there be one. Certain rules have been developed for attempting to determine legislative intent in these situations; "[a] broad formulation of these rules is that a private cause of action generally will be inferred where a statute imposes a duty for a particular individual's benefit but will not be where the Legislature

---

[2] "Department" refers only to Child Services, Ind. Code § 31-25-2-1, so the Police Department had no statutory duty to notify parents of child abuse or neglect. We do note, however, that while there was no such statutory duty for the Police Department at the time of these events, a statutory requirement that reasonable efforts be made by a police department to notify the parents when their child has been named as the victim in a written report of a crime was put into effect on July 1, 2011. Ind. Code § 5-2-18-3.

imposes a duty for the public's benefit." *Id.* (citing *Americanos v. State*, 728 N.E.2d 895 (Ind. Ct. App. 2000), *trans. denied*)).  The purpose of Article 33 is to:

> (1) encourage effective reporting of suspected or known incidents of child abuse or neglect;
> (2) provide effective child services to quickly investigate reports of child abuse or neglect;
> (3) provide protection for an abused or a neglected child from further abuse or neglect;
> (4) provide rehabilitative services for an abused or a neglected child and the child's parent, guardian, or custodian; and
> (5) establish a centralized statewide child abuse registry and an automated child protection system.

Ind. Code § 31-33-1-1.  As was held by this Court, "A review of the twenty-one sections of the act reveals the primary thrust as establishing child protection services and community protection teams, the contents and handling of their investigations and written reports, and the provision of necessary services to affected children and their families (including removal from a home and/or criminal prosecutions where warranted)."[3] *Borne by Borne v. Nw. Allen Cnty. Sch. Corp*, 532 N.E.2d 1196, 1203 (Ind. Ct. App. 1989), *trans. denied.*  The legislature's aim, therefore, is to create a more effective, efficient, and accessible system to deal with the issue of child abuse and neglect for the public's benefit as a whole, not just for a particular individual's benefit.

Additionally, in *Americanos*, we specifically held that "when the legislative purpose is general in nature, the mere fact that statutory language refers to a class of people does not create a private cause of action."  728 N.E.2d at 898.  Therefore, despite the fact that the statute refers to a class of people, specifically abused or neglected children, that does not mean that the statute is for an individual's benefit.  Citing to

---

[3] The act referred to in *Borne* was codified at Indiana Code sections 31-6-11-1 *et seq.*  This article has since been recodified at Indiana Code article 31-33.  1997 Ind. Legis. Serv. P.L. 1-1997 (West).

*Borne*, this Court in *Americanos* also noted that we had "declined to find a private cause of action in similar circumstances. For example, in *Borne v. N.W. Allen County School Corp.*, . . . the court held that the statute did not create a private cause of action. Rather, the statute was designed to encourage effective reporting of child abuse and establish child protective services." As a result, given that the legislature did not explicitly create a private cause of action and the intent of the statute is to benefit the public generally, we again refuse to create a private right of action where one does not exist.

Further, while this particular statute has not been examined to determine if it confers a private right of action, this Court has previously held that the legislature did not intend to confer a private right of action for any breach of the duty to report child abuse created by the reporting statutes also found under Indiana Code article 31-33. *C.T.*, 928 N.E.2d at 853; *Borne*, 532 N.E.2d at 1203. In *C.T.*, a father sued his child's doctor for medical malpractice because the doctor failed to report the child's mother to the proper authorities for exposing their respiratory-challenged child to second-hand smoke. The father argued that the child's exposure to the second-hand smoke was child abuse or neglect and the doctor's failure to report was a violation of Indiana Code section 31-33-5-1, which requires an individual who has reason to believe a child is a victim of child abuse or neglect to make a report to either Child Services or the local law enforcement agency. Finding there is no explicit private right of action in Indiana Code section 31-33-5-1, and after a review of relevant case law from Indiana and other states, we held that the legislature did not intend there to be a private right of action under the child abuse reporting statute. *C.T.*, 928 N.E.2d at 854. We held that "[a]bsent codification, we are

9

not convinced that extending a civil remedy to a victim of abuse or neglect against all persons who know of child abuse and fail to report child abuse is a good public policy." *Id.*

Therefore, since the statutory duty imposed under Indiana Code section 31-33-18-4 is for the public's benefit, we have explicitly held that there is no private right of action for failure to report child abuse, and we have expressed a reluctance to create a private right of action absent codification in this area, we hold that the parents do not have a private right of action and that the trial court therefore did not err in granting summary judgment in favor of Child Services.

However, this is not meant to suggest that we condone the way that this matter was handled by Child Services and the Police Department. We sympathize with the parents and understand their frustration that they were not informed that their daughter had been molested until a year after the fact. However, our legislature has not afforded a private right of action in these situations, so we must hold accordingly.

### III. Indiana Tort Claims Act

Nevertheless, if the parents did have a private right of action under Indiana Code section 31-33-18-4, Child Services is still immune under the ITCA because its actions in this case constitute the initiation of a judicial proceeding. Therefore, the trial court's grant of summary judgment should be affirmed on the grounds of governmental immunity as well.

After the abrogation of common-law governmental immunity that was completed with the decision in *Campbell v. State*, 284 N.E.2d 733 (Ind. 1972), the Indiana General

10

Assembly enacted the ITCA, which "established extensive immunity provisions which shield governmental units from liability even in those cases where a common law duty of care exists." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind. 1999). The ITCA applies to "governmental entities," which the parties do not dispute that Child Services and the Police Department are. Appellant's Br. p. 7. The trial court granted summary judgment for Child Services, finding three subsections of the ITCA applicable to its actions. If Child Services is immune under any subsection of the ITCA, then it may not be held liable to the parents. The issue of immunity under the ITCA is a question of law that is reviewed de novo. *Chenoweth v. Estate of Wilson*, 827 N.E.2d 44, 48 (Ind. Ct. App. 2005).

Child Services is immune under Indiana Code section 34-13-3-3(6) of the ITCA. Section 34-13-3-3(6) states: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following: . . . (6) The initiation of a judicial or an administrative proceeding." In the context of the ITCA, a judicial proceeding is defined as "a proceeding 'for the purpose of obtaining such a remedy as the law allows.'" *Clifford v. Marion Cnty. Prosecuting Attorney*, 654 N.E.2d 805, 808 (Ind. Ct. App. 1995) (quoting *Bd. of Comm'rs of Hendricks Cnty. v. King*, 481 N.E.2d 1327, 1330 (Ind. 1985)).

The parents argue that this subsection is only intended to confer prosecutorial immunity, rendering it inapplicable to Child Services. However, while "the majority of decisions focusing upon subsection [(6)] have considered immunity as it relates to allegations of malicious prosecution," that is not the only situation in which it is

11

applicable. *Ind. Dep't of Fin. Inst. v. Worthington Bancshare*s, *Inc.*, 728 N.E.2d 899, 902 (Ind. Ct. App. 2000), *reh'g denied*, *trans. denied*. For example, in *Worthington Bancshares*, we found this subsection to be applicable to the Department of Financial Institution when it closed down a bank it deemed to be operating in an unsound and unsafe manner. *Id.* Based on the plain language of the statute and its past application to proceedings outside of criminal prosecutions, it is applicable to situations other than malicious prosecutions.

In this case, Juvenile was adjudicated a delinquent for child molesting, Appellant's App. p. 67, and child delinquency actions are judicial proceedings. Ind. Code § 31-30-1-1(1). Child Services, the Police Department, the Probation Department, and the Prosecutor's Office all initiated this proceeding. Child Services, through Cage, as part of its duties to protect children, began the investigation by interviewing the victims of the molestations. Child Services then properly referred this matter to the Police Department for further investigation. In turn, the Police Department referred the matter to the Probation Department before the Prosecutor's Office filed a delinquency petition. While it was the Prosecutor's Office that finally filed the paperwork that initiated the legal proceedings against Juvenile, all agencies in the chain worked together before the filing of the paperwork to reach this result. Without the contributions of all these agencies, there could have been no legal action taken. Cage's actions were therefore part of the initiation of the delinquency proceeding, placing them directly under Section 34-13-3-3(6).

Additionally, Indiana Code section 31-33-14-1 states:

> If the . . . department determines that the best interests of the child require action in the juvenile or criminal court, the department shall:
>> (1) refer the case to the juvenile court under IC 31-34-7; or
>> (2) make a referral to the prosecuting attorney if criminal prosecution is desired.

This statute mandates that Child Services must refer a case to the juvenile court or make a referral to the prosecutor if it is in the best interest of the harmed child to do so. Therefore, Child Services has a statutorily mandated role in the initiation of judicial proceedings in the context of child abuse and neglect. As a result, the trial court did not err in finding that Child Services was immune for its actions under this subsection (6) of the ITCA.

Affirmed.

CRONE, J., concurring in part and dissenting in part with separate opinion.

BRADFORD, J., concurring in part, dissenting in part, and concurring in result with separate opinion.

13

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| F.D., G.D., and T.D. b/n/f | ) | |
| J.D. and M.D.; J.D. and M.D., | ) | |
| Individually, | ) | |
| | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1109-CT-432 |
| | ) | |
| INDIANA DEPARTMENT OF FAMILY | ) | |
| SERVICES, VANDERBURGH COUNTY | ) | |
| OFFICE OF FAMILY AND SOCIAL | ) | |
| SERVICES, EVANSVILLE POLICE | ) | |
| DEPARTMENT, and VANDERBURGH | ) | |
| COUNTY PROSECUTOR'S OFFICE, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**CRONE, Judge, concurring in part and dissenting in part**

I agree with the majority's affirmance of summary judgment in favor of the Police Department. I respectfully disagree, however, with the majority's affirmance of summary judgment in favor of Child Services on the basis that Indiana Code Section 31-33-18-4 does not confer a private right of action – an issue that was not argued by the

parties below. I also disagree with Judge Vaidik's (and the trial court's) determination that Child Services is entitled to statutory immunity in any event.

### I. Private Right of Action

The majority acknowledges that "[t]he parties do not make arguments about the existence of a private right of action in this case" but nevertheless insists that the issue "is appropriate for our review since '[w]e may affirm the trial court's grant of summary judgment upon any basis supported by the record.'" Slip op. at 6 (quoting *Boushehry*, 931 N.E.2d at 895). Although this language appears in many appellate opinions, I believe that, except in limited circumstances, we should refrain from affirming summary judgment on a basis that was not argued by the parties below. *See, e.g., Shepard v. Schurz Commc'ns, Inc.*, 847 N.E.2d 219, 224 (Ind. Ct. App. 2006) ("We may affirm the grant of summary judgment upon any basis *argued by the parties and* supported by the record.") (emphasis added). Doing otherwise may cast some doubt on the impartiality of this Court and deprives the other side of an opportunity to debate the issue. I believe that affirming summary judgment in favor of Child Services on the basis of a complicated issue that it neither raised nor litigated in this circumstance is both unfair and unwise. *See Richardson v. Calderon*, 713 N.E.2d 856, 863 (Ind. Ct. App. 1999) ("Generally, we will consider only those issues which were briefed and argued by the parties before the trial court and which the trial court considered and ruled upon.").

Indeed, I believe that a compelling argument can be made that Indiana Code Section 31-33-18-4 does implicitly create a private right of action. The majority

15

acknowledges that "'a private cause of action generally will be inferred where a statute imposes a duty for a particular individual's benefit but will not be where the Legislature imposes a duty for the public's benefit.'" Slip op. at 7 (quoting *Blanck*, 829 N.E.2d at 509). It seems obvious to me that the duty imposed by Section 31-33-18-4 on Child Services to notify a child's parents about the availability of "reports and information … relating to the child abuse or neglect assessment" inures specifically to the benefit of *a particular individual*, i.e., an abused child, and not to the general public. Having access to reports and information regarding the abuse enables parents to protect and obtain the necessary rehabilitative services for their child.

On a similar note, because the duty imposed by Indiana Code Section 31-33-18-4 applies specifically to Child Services, I am unpersuaded by the majority's reliance on *C.T.* and *Borne*, which involved child abuse reporting statutes that apply to the general public. In *Borne*, the court held that "the legislature did not intend to confer a private right of action for breach of the duty to report [suspected child abuse or neglect] imposed by" what are now Indiana Code Sections 31-33-5-1 and -4, concluding that it would "misdirect judicial time and attention from the very real problems of children in need of services in favor of pursuing collateral individuals, who are presumably capable of responding in money damages, on the ground that they knowingly failed to make an oral report." 532 N.E.2d at 1203. The Parents correctly point out that Child Services is "far from" one of the "collateral individuals" mentioned in *Borne* and instead is one of the "primary organizations responsible for handling reports of child abuse and neglect." Appellants' Br. at 20. In fact, it is the *only* organization responsible for informing parents

16

about the availability of reports and information regarding child abuse pursuant to Indiana Code Section 31-33-18-4. Whereas members of the general public may be criminally prosecuted for failing to report suspected child abuse, Ind. Code § 31-33-22-1, no similar incentive is available to compel Child Services to fulfill its statutory duty to notify a child's parents about the availability of "reports and information … relating to the child abuse or neglect assessment" pursuant to Indiana Code Section 31-33-18-4.

Based on the foregoing, I would conclude that Indiana Code Section 31-33-18-4 implicitly creates a private right of action against Child Services, or, at the very least, that the issue is an inappropriate basis for affirming summary judgment in favor of Child Services in this appeal.

## II. Statutory Immunity

Assuming that Indiana Code Section 31-33-18-4 creates a private right of action against Child Services (or that Child Services has waived any contrary argument by failing to raise it below), I would hold that the trial court erred in ruling that Child Services is entitled to statutory immunity for the Parents' negligence claims. To prevail on a negligence claim, the plaintiff must prove the following: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004). "Duty is a question of law for the court to decide. Absent a duty, there can be no breach of duty and thus no negligence or liability based upon the breach." *Id*. "A duty may arise from common law principles of negligence or from the violation of a

statute." *Nat'l R.R. Passenger Corp. v. Everton by Everton*, 655 N.E.2d 360, 364 (Ind. Ct. App. 1995), *trans. denied* (1996).

Duty is closely linked to immunity, which is the basis for the trial court's ruling in favor of Child Services. "To say [a] governmental entity is immune for acts or omissions in described areas is the functional equivalent of asserting the entity has no duty to anyone in carrying out those activities." *King v. Ne. Security, Inc.*, 790 N.E.2d 474, 479 (Ind. 2003). Our supreme court has explained that the ITCA allows suits against governmental entities

> for torts committed by their employees but grants immunity under the specific circumstances enumerated in Indiana Code section 34-13-3-3. Whether a governmental entity is immune from liability under the ITCA is a question of law for the court to decide. Because the ITCA is in derogation of the common law, we construe it narrowly against the grant of immunity. The party seeking immunity bears the burden of establishing that its conduct comes within the ITCA.

*Mangold ex rel. Mangold v. Ind. Dep't of Nat. Res.*, 756 N.E.2d 970, 975 (Ind. 2001) (citations omitted). "Immunity, whether under Indiana common law or the ITCA, assumes negligence but denies liability." *Putnam Cnty. Sheriff v. Price*, 954 N.E.2d 451, 453 (Ind. 2011).

Indiana Code Section 34-13-3-3 reads in pertinent part as follows:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable *if a loss results from the following*:
>
> ….
>
> (6) The initiation of a judicial or an administrative proceeding.
>
> (7) The performance of a discretionary function; however, the provision of medical or optical care as provided in IC 34-6-2-38 shall be considered as a ministerial act.

18

(8) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

(Emphasis added.) The trial court found that Child Services is entitled to immunity on all three grounds, which are addressed below.

First, the court concluded that Child Services is entitled to immunity pursuant to Indiana Code Section 34-13-3-3(6) because Child Services, "by and acting through" Cage, "participated in" L.C.'s juvenile proceeding "by investigating the reports of suspected abuse against L.C. and relaying those findings to the [Police Department] pursuant to its protocols." Appellants' App. at 32. I respectfully disagree. Indiana Code Section 34-13-3-3(6) confers immunity for a governmental entity's "initiation of," not participation in, "a judicial or an administrative proceeding." As the Parents correctly observe, Child Services had no authority to initiate the juvenile proceedings against L.C.; only the prosecutor had authority to do so. *See* Ind. Code § 31-37-10-1 ("The prosecuting attorney may file a petition alleging that a child is a delinquent child."). As such, I would find no basis for granting Child Services immunity pursuant to Indiana Code Section 34-13-3-3(6). *See Ind. Dep't of Fin. Insts.*, 728 N.E.2d at 902 ("The majority of decisions focusing upon [Indiana Code Section 34-13-3-3(6)] have considered immunity as it relates to allegations of malicious prosecution. In those cases, our courts have held that in order to promote the efficient function of law enforcement, officers should be free from fear of liability for the initiation of criminal proceedings. Without immunity for such decisions, the system of law enforcement would break[]down resulting in the obstruction of the proper and efficient administration of justice."), *trans.*

19

*denied*. Moreover, the Parents' alleged losses did not result from the initiation of a judicial or an administrative proceeding or from Child Services' participation therein, but rather from Cage's failure to comply with the relevant child abuse assessment statutes, which is addressed more fully below. For all these reasons, I would conclude that Indiana Code Section 34-13-3-3(6) is inapplicable here.

Next, the trial court determined that Child Services, "by and acting through" Cage, "was investigating a report of suspected child abuse and in so doing, exercised discretion in carrying out her duties," and therefore is entitled to immunity pursuant to Indiana Code Section 34-13-3-3(7). Appellants' App. at 32. Again, I respectfully disagree. As this Court explained in *Gary Community School Corp. v. Boyd*, 890 N.E.2d 794 (Ind. Ct. App. 2008), *trans. denied*,

> In *Peavler v. Board of Commissioners of Monroe County*, 528 N.E.2d 40, 45 (Ind. 1988), our Supreme Court developed the "planning/operational" test for determining whether a particular function is discretionary. Through this test, we distinguish between decisions involving the formulation of basic policy, entitled to immunity, and decisions regarding only the execution or implementation of that policy, not entitled to immunity. The critical inquiry is not merely if judgment was exercised, but if the nature of the judgment called for policy considerations.

*Id*. at 800 (citations and some quotation marks omitted).

Here, the Parents' alleged losses did not result from any decisions involving the formulation of basic policy, but rather from Cage's failure to comply with the mandates of the relevant child abuse assessment statutes. Indiana Code Section 31-33-8-6 provides that Child Services "*shall* promptly make a thorough assessment upon" a report of suspected child abuse or neglect. (Emphasis added.) Indiana Code Section 31-33-18-4(a) provides that Child Services "*shall* give verbal and written notice to each parent" of

20

the availability of "reports and information … relating to the child abuse or neglect assessment." (Emphasis added.)

It is well settled that "when the word 'shall' appears in a statute, we construe it as mandatory rather than discretionary unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning." *Taylor v. Ford Motor Co.*, 944 N.E.2d 78, 82 (Ind. Ct. App. 2011), *trans. denied.* Assuming as I must for purposes of summary judgment that Detective Minto told Cage in July 2007 that L.C. admitted molesting F.D., Cage was required by statute to "promptly make a thorough assessment" of the report and give verbal and written notice to the Parents that the report and information relating to the assessment were available upon request. Her alleged failure to do so does not entitle Child Services to discretionary immunity pursuant to Indiana Code Section 34-13-3-3(7).

Finally, the trial court found that Child Services is entitled to immunity pursuant to Indiana Code Section 34-13-3-3(8), which involves a governmental entity's failure to adopt or enforce a law, including rules and regulations. I agree with the Parents that paragraph (8) does not apply to Child Services for any number of reasons, among which are that Child Services is not responsible for either adopting or enforcing laws and that the alleged losses did not result from any alleged failure by Child Services to adopt or enforce a law.[4] *Cf. Davis v. Animal Control – City of Evansville*, 948 N.E.2d 1161, 1164 (Ind. 2011) ("[T]he critical determination is not whether a governmental entity failed to follow procedures; it is whether a governmental entity or employee failed to enforce a

---

[4] Indeed, Child Services admits that it "has never alleged that law enforcement immunity applies to it." Child Services' Br. at 10.

law."). In sum, then, I would hold that Child Services is not entitled to immunity pursuant to the ITCA.

In its summary judgment ruling, the trial court also found that Child Services is entitled to immunity pursuant to Indiana Code Section 31-33-6-1, which says,

> Except as provided in section 2 of this chapter [which pertains to "a person who has acted maliciously or in bad faith"], a person, other than a person accused of child abuse or neglect, who:
>
> (1) makes or causes to be made a report of a child who may be a victim of child abuse or neglect;
>
> (2) is a health care provider and detains a child for purposes of causing photographs, x-rays, or a physical medical examination to be made under IC 31-33-10;
>
> (3) makes any other report of a child who may be a victim of child abuse and neglect; or
>
> (4) participates in any judicial proceeding or other proceeding:
>
> > (A) resulting from a report that a child may be a victim of child abuse or neglect; or
> >
> > (B) relating to the subject matter of the report;
>
> is immune from any civil or criminal liability that might otherwise be imposed because of such actions.

Specifically, the trial court found that Child Services is entitled to immunity because it "participated" in L.C.'s delinquency proceeding by investigating the allegations against him. I cannot agree. Indiana Code Section 31-33-6-1 is inapplicable because the Parents do not seek to impose liability on Child Services because of its participation (if any) in the delinquency proceeding, but rather because of its failure to provide the Parents with

any information regarding F.D.'s molestation. As such, I would hold that Child Services is not entitled to statutory immunity on any basis.

Yet to be determined is whether Child Services is entitled to summary judgment as to any of the elements of the Parents' negligence claims. *See Town of Avon v. W. Cent. Conservancy Dist.*, 957 N.E.2d 598, 602 (Ind. 2011) ("Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact with respect to a given issue or element of a claim."). The Parents contend that "the duty alleged to have been breached is imposed by statute specifically on government entities." Appellants' Br. at 20. The unexcused or unjustified violation of a statutory duty "constitutes negligence per se if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation." *Plesha v. Edmonds ex rel. Edmonds*, 717 N.E.2d 981, 986 (Ind. Ct. App. 1999), *trans. denied* (2000).

As for statutory duties, the Parents first observe that "an individual who has reason to believe that a child is a victim of child abuse or neglect" must "immediately make an oral report" to either Child Services or "the local law enforcement agency." Ind. Code §§ 31-33-5-1, -4. They further observe that Child Services must "promptly make a thorough assessment upon the … report. The primary purpose of the assessment is the protection of the child." Ind. Code § 31-33-8-6. Finally, they note that Indiana Code Section 31-33-18-4 says,

> Whenever a child abuse or neglect assessment is conducted under this article, the department [Child Services] shall give verbal and written notice to each parent, guardian, or custodian of the child that:

23

> (1) the reports and information described under section 1 of this chapter relating to the child abuse or neglect assessment; and
>
> (2) if the child abuse or neglect allegations are pursued in juvenile court, the juvenile court's records described under IC 31-39;
>
> are available upon the request of the parent, guardian, or custodian except as prohibited by federal law.

Ind. Code § 31-33-18-4(a).[5]

The Parents contend that, pursuant to the foregoing statutes, "Cage and Minto were obligated to report L.C.'s molestation of F.D., and [Child Services] was obligated to conduct a thorough assessment and provide oral and written notice to [the Parents] that the information compiled as part of that assessment [was] available to them." Appellants' Br. at 20-21. At this point, it is important to note that a genuine issue of material fact exists regarding whether Detective Minto reported to Cage that L.C. admitted to molesting F.D.[6] According to both Detective Minto and his supervisor, Sergeant Debbie Thompson, Detective Minto informed Cage about L.C.'s admissions regarding the additional molestations; Cage said that she would interview the alleged victims and contact him if they made any disclosures. According to Cage, however, she

---

[5] Child Services asserts that the Parents made no argument regarding Indiana Code Section 31-33-18-4 before the trial court or in their original appellants' brief and thus have waived any such argument. Child Services' Br. at 9 n.5. On the contrary, the Parents referenced the statute in paragraph 15 of their complaint and quoted it on page 20 of their original brief. As such, I find no merit in Child Services' waiver argument.

[6] In their brief, Parents assert that "on July 2, 2007, Minto himself observed an interview that Cage conducted of L.C. At that interview, L.C. disclosed that he had molested other victims, and gave their identities. L.C. named F.D. among those other victims at that time." Appellants' Br. at 3 (citing Appellants' App. at 55). My review of the cited document, which comprises four pages of Detective Minto's deposition, indicates that this assertion is inaccurate. Detective Minto said that he observed Cage interview T.D., not L.C. Appellants' App. at 55. He then said that he had only one interview with L.C., on July 2, 2007, during which L.C. admitted to molesting F.D., B.H., and M.H. *Id.* According to Detective Minto, he then "informed Melissa Cage," who in turn "informed [him] she would be going out to interview" the other victims. *Id.* The Police Department does not contend that L.C.'s admission was insufficient to give Detective Minto reason to believe that F.D. was the victim of child abuse for purposes of Indiana Code Section 31-33-5-1. Nor does the Police Department contend that Detective Minto did not have a duty to report the abuse to Child Services pursuant to Indiana Code Section 31-33-5-4.

24

and Child Services did not learn about L.C.'s admission regarding F.D. until August 5, 2008, when she was contacted by Mother.[7]  In any event, it is undisputed that neither the Police Department nor Child Services notified the Parents about L.C.'s admission regarding F.D.

If Detective Minto did not inform Cage that L.C. admitted to molesting F.D., then one could argue that the Police Department prevented Child Services from fulfilling its statutory duty to promptly make an assessment and to notify the Parents regarding the availability of the reports and information relating to the assessment.  If Detective Minto did in fact notify Cage, then one could argue that Child Services is solely responsible for failing to notify the Parents.  All of this goes to say, however, that summary judgment in favor of Child Services would be inappropriate as to either duty or breach of duty.  The same may be said for proximate cause, damages, and contributory negligence, all of which are issues "more appropriately left for the determination of a trier of fact."  *Florio v. Tilley*, 875 N.E.2d 253, 256 (Ind. Ct. App. 2007) (proximate cause and contributory negligence); *Bennett v. Broderick*, 858 N.E.2d 1044, 1051 (Ind. Ct. App. 2006) (damages), *trans. denied* (2007).  In sum, then, I would reverse the trial court's grant of summary judgment in favor of Child Services and remand for further proceedings.

---

[7]  Child Services says that

> Cage completed a form in 2008 with respect to the additional allegation of abuse [regarding F.D.].  The date on the report is June 25, 2007.  Cage entered this date pursuant to her supervisors' instructions so the dat[a]base would have complete information and to reflect the date [the Police Department] conducted the interview.

Child Services' Br. at 3 n.4 (citations to appendix omitted).

25

# IN THE
# COURT OF APPEALS OF INDIANA

F.D., G.D., and T.D. b/n/f )
J.D. and M.D.; J.D. and M.D., )
Individually, )
)
    Appellants-Plaintiffs, )
)
       vs. )    No. 82A01-1109-CT-432
)
INDIANA DEPARTMENT OF FAMILY )
SERVICES, VANDERBURGH COUNTY )
OFFICE OF FAMILY AND SOCIAL )
SERVICES, EVANSVILLE POLICE )
DEPARTMENT, and VANDERBURGH )
COUNTY PROSECUTOR'S OFFICE, )
)
    Appellees-Defendants. )

**BRADFORD, Judge, concurring in part, dissenting in part, and concurring in result**

I agree with Judges Vaidik and Crone that the Evansville Police Department is not a proper party to this action. I also agree with Judge Vaidik's conclusion that the plaintiffs do not have a private right of action against Child Services arising from the latter's failure to comply with Indiana Code section 31-33-18-4. Having determined that plaintiffs have no private right of action against Child Services, however, it is not

26

necessary to determine if the ITCA confers statutory immunity on Child Services. Therefore, I cannot join in section III of Judge Vaidik's opinion, in which the question is addressed. Moreover, even if it were necessary to address the question of statutory immunity, I cannot agree with Judge Vaidik's conclusion that Child Services would be granted immunity by Indiana Code subsection 34-13-3-3(6). For the reasons stated by Judge Crone in section II of his opinion, I would hold that Child Services is not conferred immunity by subsection 34-13-3-3(6).